**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ACCRESA HEALTH LLC,<br><br>Plaintiff,<br><br>v.<br><br>HINT HEALTH INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:18-cv-536<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF ACCRESA HEALTH LLC'S ORIGINAL COMPLAINT

Plaintiff Accresa Health LLC ("Accresa") files this Original Complaint against Defendant Hint Health Inc. ("Defendant") and, for causes of action, shows the Court as follows:

## I. INTRODUCTION

1. This action is necessitated by Defendant's improper use of Accresa's trade secrets and confidential information after Defendant fraudulently induced Accresa to enter into a Preferred Partnership Agreement with the alleged intent of furthering each entity's economic interest through integrating its product offerings. Instead of performing according to the Preferred Partnership Agreement and integrating product offerings, Defendant, instead, obtained and then used Accresa's trade secrets and confidential information to develop its own product offering that directly competes with Accresa. Further, Defendant is actively using trade secret and confidential information that Accresa only shared with Defendant for the successful performance of the Preferred Partnership Agreement to interfere with and solicit Accresa's existing and prospective clients. Accresa, therefore, asks the Court to exercise its jurisdiction over the matter and provide all such relief to which Accresa may be entitled under Federal law and the laws of the State of Texas.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Accresa's claims for trade secret misappropriation, breach of contract, tortious interference, and fraud under 18 U.S.C. § 1836(c) and 28 U.S.C. §§ 1331, 1332, 1367.

3. To the extent necessary, the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over the out-of-state Defendant as the Defendant intentionally conducted business in Texas with a Texas entity, Accresa; entered into an agreement to be performed, in substantial part, in Texas; and entered into an agreement governed by and protected under the laws of the State of Texas. The causes of action included below arise out of Defendant's contacts with the State of Texas.

5. Venue is appropriate in this district under 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims occurred in this district. The agreement out of which the causes of action arise was performed, in substantial part, at Accresa's principal place of business in Carrollton, Texas, just 10.3 miles from the Plano Courthouse of the Sherman Division.

## III. PARTIES

6. Plaintiff Accresa Health LLC is a Texas limited liability corporation with its principal place of business in Carrollton, Texas.

7. Defendant Hint Health Inc. is a California corporation with its principal place of business in San Francisco, California. It may be served with process through its registered agent, Zak Holdsworth, 180 4th Avenue, Apartment 8, San Francisco, CA 94118.

## IV. FACTUAL BACKGROUND

8. Accresa is an innovative healthcare solutions company that is changing the way employers and physicians manage healthcare costs. Accresa's primary product offering is a direct

primary care (DPC) system that allows employers that cover their employees' healthcare costs to give their employees freedom and flexibility to choose their own primary care doctor without driving up costs or creating inefficiencies for the employer. Accresa accomplishes this through a proprietary system that automatically and dynamically routes funds from various employers' accounts to various physicians' accounts based on the unique plan implemented for each employer and each employer's employees.

9. Accresa created its proprietary systems through extensive investment in research and development, time, and manpower. As a result of Accresa's efforts, the freedom and flexibility of primary care services has improved greatly, while the accosted costs and inefficiencies associated with this care have decreased significantly.

10. Beyond its technological developments, Accresa has developed an extensive network of employers and physicians that are part of the Accresa DPC network. A major driving force in the success of its model is the aggregation of a large number of employers and physicians so that each employer's employees have as many options as possible for its healthcare and each physician can receive patients from as many employers as possible to grow its practice. Accresa's innovative DPC dynamic routing system and its extensive network of employers and physicians have made it a leading force in changing the way businesses and healthcare companies think about employer-based healthcare plans.

11. One such healthcare company to take note of Accresa was Defendant.

12. In early 2017, Defendant reached out to Accresa about forming a partnership. Defendant's business model is focused on building partnerships with healthcare companies like Accresa that can utilize and take advantage of the technology platform that Defendant has built. Through integration of partners, like Accresa, into Defendant's platform, the value of Defendant's

business and platform is enhanced.

13. On June 9, 2017, Accresa and Defendant entered into a contract titled "Preferred Partnership Agreement" ("Agreement") that called for Accresa and Defendant to integrate its products. Further, the Agreement obligated each party to jointly market the integrated product to existing and new clients. A copy of the Agreement is attached hereto as Exhibit A.

14. By way of example, Section 5 of the Agreement requires that the parties "act in good faith and employ any and all commercially reasonable means to effectuate and support the integration of the API as contemplated under this Agreement."

15. By way of further example, Section 7 of the Agreement defines the scope of relationship between Accresa and Defendant as preferred partners and its obligation to not promote competing technologies, stating as follows:

> The Parties agree that each shall be the preferred partner of the other with respect to the marketing, promotion, and technical integration of the products and services covered by this Agreement, and that such designation shall be publicly known and promoted as such, and that neither Party shall publicly advertise or promote any substantially similar program or offering with any other person, business or entity. The Parties further agree that neither Party shall enter into any substantially similar technical integration arrangement, joint marketing arrangement or revenue sharing arrangement with a direct competitor of the other Party.

16. From June 2017 to June 2018, Accresa continuously engaged Defendant in an effort to move the integration forward and prepare for the integrated product launch. Accresa, in good faith, provided access to and information about its routing system and DPC network to enhance the product integration process and final offering. During these discussions, Defendant obtained access to internal confidential documents, procedures, and information that Accresa does not share with customers or the public, including, for example, information regarding Accresa's

implementations of its routing system and DPC network, and Accresa demonstrated its technology for Defendant.

17. Defendant, though, was not as engaging in the disclosure of its information to Accresa. While Defendant was eager to receive Accresa's confidential information, Defendant was generally too busy to respond in kind and was always apologizing for the delay. But, in order to maintain a one-way flow of information from Accresa to Defendant, Defendant continually made bold exclamations that everything was good between Accresa and Defendant, and that the partnership would be fruitful. For example, Zac Holdsworth, Defendant's CEO, stated in a March 8, 2018 email, "Apologies for dropping off the map . . . I'm going on vacation for a couple of weeks . . . so [I] would like to propose that we push our next meet to the week of the 2nd April . . . it is going to be a blockbuster year and I'm excited to get things moving again."

18. Due to Defendant's repeated failure to disclose its own information to Accresa, the integration of the two platforms stalled. Unbeknownst to Accresa, this stall was intentional. Using confidential information gained from Accresa, Defendant was unilaterally developing its own system and its own employer/physician DPC network in direct competition with Accresa. In July 2018, Defendant revealed its new "Provider Networks" service. That service is based on Accresa's system and business model and uses the trade secrets and confidential information Accresa shared with Defendant for the integration to compete with Accresa.

19. Specifically, Defendant used Accresa's know-how and negative know-how regarding employer DPC networks and routing systems, and the technical implementation of the same. In addition, Defendant used Accresa's confidential information, including customer lists, to approach employers, physicians, clinics, and other healthcare providers that were existing or prospective Accresa clients. In some cases, Defendant requested that such clients terminate its

contract or relationship with Accresa and instead exclusively use Defendant's new "Provider Network" system.

20. Defendant's course of conduct became clear after it launched its competing "Provider Networks" service. From the outset, Defendant had no intention of truly partnering with Accresa or integrating the two companies' technology. Instead, Defendant's intention was simple—gain access to Accresa's knowledge, information, and trade secrets and then use that gain to develop a competing product.

21. As a result of Defendant not using good faith-efforts to integrate technologies, using Accresa trade secrets to build a competing service, and interfering with existing and prospective clients, Accresa has wasted more than a year trying to integrate its product with Defendant and is now having to reclaim ground previously held in technological advantage and DPC network expanse.

## V. CAUSES OF ACTION

### A. Breach of Contract

22. Accresa realleges and incorporates by reference the preceding paragraphs of this complaint as though fully set herein.

23. Accresa and Defendant entered into a valid, enforceable contract when they entered into the Preferred Partnership Agreement on June 9, 2017.

24. Accresa is a proper party to bring suit related to the contract as it is a party to the contract.

25. Accresa performed and tendered further performance according to the contract by working in good faith to integrate its technology with Defendant.

26. Through the acts and omissions described above, Defendant breached the contract,

including for example, by not working in good faith to integrate its technology with Accresa and by promoting a technology in direct competition with Accresa.

27. Defendant's breach has caused financial damage to Accresa, and will continue to injure and cause financial damage to Accresa unless a remedy is provided by this Court.

28. Accresa is entitled to court costs and attorneys' fees pursuant to Sec. 38.001 of the Texas Civil Practices and Remedies Code.

### B. Violation of Texas Uniform Trade Secret Act (TUTSA)

29. Accresa realleges and incorporates by reference the preceding paragraphs of this complaint as though fully set herein.

30. The trade secrets owned by Accresa and improperly acquired by Defendant include know-how and negative know-how regarding employer DPC networks and routing systems, and the technical implementation of the same.

31. Accresa trade secrets are not public. Accresa takes reasonable measures to maintain their secrecy, and Accresa trade secrets derive independent value from their secrecy.

32. Defendant improperly acquired Accresa trade secrets. Defendant improperly acquired Accresa's trade secrets under the pretense of technology integration in a preferred partnership. Defendant than improperly used these trade secrets in its technical systems and business models.

33. Defendant knew when it acquired and used Accresa's trade secrets that it had acquired those trade secrets by improper means because, among other reasons, such acquisition related to the fraud and breach of contract claims discussed herein.

34. Accresa never authorized or consented to Defendant's acquisition by improper means or use of its trade secrets.

35. Defendant has acquired, disclosed, and used the misappropriated trade secrets to

unjustly gain market share and commercial advantage.

36. Defendant's misappropriation of Accresa trade secrets has injured Accresa, has caused financial damage to Accresa, and will continue to injure and cause financial damage to Accresa unless enjoined by this Court.

37. Defendant's misappropriation of Accresa trade secrets was willful and malicious. Accordingly, Accresa is entitled to an award of exemplary damages and is entitled to court costs and attorneys' fees pursuant to Sec. 134A.004 and .005 of the Texas Civil Practices and Remedies Code.

**C. Violation of Federal Trade Secrets Act (18 U.S.C. § 1836)**

38. Accresa realleges and incorporates by reference the preceding paragraphs of this complaint as though fully set herein.

39. The trade secrets owned by Accresa and improperly acquired by Defendant include know-how and negative know-how regarding employer DPC networks and routing systems, and the technical implementation of the same, which is used and intended for use in interstate commerce.

40. Accresa trade secrets are not public. Accresa takes reasonable measures to maintain their secrecy, and Accresa trade secrets derive independent value from their secrecy.

41. Defendant improperly acquired Accresa's trade secrets under the fraudulent and false pretense of technology integration in a preferred partnership. Defendant then improperly used these trade secrets in its technical systems and business models.

42. Defendant knew when it acquired and used Accresa's trade secrets that it had acquired those trade secrets by improper means because, among other reasons, such acquisition related to the fraud and breach of contract claims discussed herein.

43. Accresa never authorized or consented to Defendant's acquisition by improper means or use of its trade secrets.

44. Defendant has acquired, disclosed, and used the misappropriated trade secrets to unjustly gain market share and commercial advantage.

45. Defendant's misappropriation of Accresa trade secrets has injured Accresa, has caused financial damage to Accresa, and will continue to injure and cause financial damage to Accresa unless enjoined by this Court.

46. Defendant's misappropriation of Accresa trade secrets was willful and malicious. Accordingly, Accresa is entitled to an award of exemplary damages and is entitled to court costs and attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(C) and (D).

### D. Tortious Interference with Existing Contract

47. Accresa realleges and incorporates by reference the preceding paragraphs of this complaint as though fully set herein.

48. Accresa has spent thousands of hours and millions of dollars developing a network of employers and physicians that use the Accresa DPC system as clients of Accresa.

49. Accresa shared its client information with Defendant in good faith and in an effort to perform the Preferred Partnership Agreement between Accresa and Defendant.

50. Defendant then launched its own employer-provided healthcare routing system in competition with Accresa in July 2018 and, using client information shared with them in confidence and in good faith, Defendant willfully and intentionally began to induce Accresa's clients to terminate their contracts with Accresa and enter into exclusive agreements that only permitted them to use Hint's new employer-provided healthcare routing system.

51. Defendant's willful and intentional interference with Accresa's existing contracts

with employers and physicians caused Accresa to suffer actual damages of lost revenue and lost profits.

### E. Fraudulent Inducement

52. Accresa realleges and incorporates by reference the preceding paragraphs of this complaint as though fully set herein.

53. Accresa and Defendant entered into the Preferred Partnership Agreement on June 9, 2017. Accresa has performed all of its obligations under the Agreement.

54. Defendant falsely represented that the Agreement was to be executed for the purpose of integrating the parties' technologies into a shared platform.

55. Defendant omitted informing Accresa of its ongoing development of an Accresa competitor.

56. Defendant's false representations and Defendant's omissions were material for several reasons, including that Accresa would not have voluntarily executed the Agreement if it had known about Defendant's false representations and omissions.

57. At the time of Defendant's false representations and omissions, Defendant knew its representations were false when made and that its omissions created false impressions because Defendant knew that it was simultaneously developing an Accresa competitor.

58. Defendant had a duty to disclose the omitted information for several reasons, including that Defendant had made partial disclosures regarding its intended use of Accresa's confidential information, which gave rise to a duty to make a full disclosure.

59. Defendant knew that Accresa was unaware of Defendant's development of a competing service or Defendant's intended use of Accresa's confidential information.

60. Defendant intended for Accresa to act on its representations and omissions and execute the Agreement, and Accresa did, in fact, execute the Agreement due to its reliance on Defendant's

representations and omissions.

61. Defendant's fraud in the inducement of the Agreement has injured Accresa, has caused financial damage to Accresa, and will continue to injure and cause financial damage to Accresa unless a remedy is provided by this Court.

62. Accresa is entitled to any and all compensatory and punitive damages flowing from Defendant's fraud in the inducement of the Agreement.

**F. Fraud**

63. Accresa realleges and incorporates by reference the preceding paragraphs of this complaint as though fully set herein.

64. Defendant falsely represented that it was procuring Accresa's confidential information solely for the purpose of integrating Accresa's technology with its own to create a joint platform.

65. Defendant omitted informing Accresa of its then-ongoing development of an Accresa competitor.

66. Defendant's false representations and Defendant's omissions were material for several reasons, including that Accresa would not have turned over confidential information to Defendant if it had known about Defendant's false representations and omissions.

67. At the time of Defendant's false representations and omissions, Defendant knew its representations were false when made and that its omissions created false impressions because Defendant knew that it was simultaneously developing an Accresa competitor.

68. Defendant had a duty to disclose the omitted information for several reasons, including that Defendant had made partial disclosures regarding its intended use of Accresa's confidential information, which gave rise to a duty to make a full disclosure.

69. Defendant knew that Accresa was unaware of Defendant's development of a competing service or Defendant's intended use of Accresa's confidential information.

70. Defendant intended for Accresa to act on its representations and omissions and turn over confidential information, and Accresa did, in fact, turn over confidential information to Defendant due to its reliance on Defendant's representations and omissions.

71. Defendant's fraud in procuring Accresa's confidential information has injured Accresa, has caused financial damage to Accresa, and will continue to injure and cause financial damage to Accresa unless a remedy is provided by this Court.

72. Accresa is entitled to any and all compensatory and punitive damages flowing from Defendant's fraud in procuring Accresa's confidential information.

## VI. DEMAND FOR JURY TRIAL

73. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Accresa demands trial by jury in this action of all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Accresa respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. Adjudge and decree that Defendant has breached the Preferred Partnership Agreement;

b. Enter judgment against Defendant and award injunctive relief and damages exceeding $75,000 for Defendant's breach of the Agreement, including, but not limited to, actual damages, loss of profit, disgorgement of unjust gains, expenses, court costs, and attorneys' fees;

c. Adjudge and decree that Defendant misappropriated Accresa's trade secrets;

d. Enter judgment against Defendant and award injunctive relief and damages exceeding $75,000 for Defendants' misappropriation of Accresa's trade secrets, including, but not limited to, loss of profit, disgorgement of unjust gains, punitive damages, a reasonable royalty, the development costs that Defendant avoided by the misappropriation, exemplary damages, court costs, and attorneys' fees;

e. Adjudge and decree that Defendant has tortiously interfered with Accresa's existing contracts;

f. Enter judgment against Defendant and award injunctive relief and damages exceeding $75,000 for Defendant's tortious interference, including, but not limited to, actual

damages, loss of profit, disgorgement of unjust gains, and exemplary damages;

g. Adjudge and decree that Defendant committed fraud in the inducement of the Preferred Partnership Agreement;

h. Enter judgment against Defendant and award injunctive relief and damages exceeding $75,000 for Defendant's fraud in the inducement, including, but not limited to, loss of profit, disgorgement of unjust gains, and punitive damages;

i. Adjudge and decree that Defendant committed fraud in procuring Accresa's confidential information;

j. Enter judgment against Defendant and award injunctive relief and damages exceeding $75,000 for Defendant's fraud in the procurement of Accresa's confidential information, including, but not limited to, loss of profit, disgorgement of unjust gains, punitive damages, and a reasonable royalty;

k. Enter judgment awarding pre- and post-judgment interest on any of the foregoing amounts; and

l. Award such other relief as the Court may deem appropriate and just under the circumstances.

DATED**:** July 31, 2018

Respectfully submitted,

**WINSTON & STRAWN, LLP**

*/s/ Thomas Melsheimer*

Thomas M. Melsheimer
State Bar No. 13922550
tmelsheimer@winston.com
M. Brett Johnson
State Bar No. 00790975
mbjohnson@winston.com
Michael A. Bittner
State Bar No. 24064905
mbittner@winston.com
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

**ATTORNEYS FOR**
**ACCRESA HEALTH LLC**