# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ACCRESA HEALTH LLC, | § | |
|    *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:18-cv-536 |
| | § | Judge Mazzant |
| HINT HEALTH INC., | § | |
|    *Defendant*, | § | |
| v. | § | |
| | § | |
| TWIN OAKS SOFTWARE DEVELOPMENT, INC., | § | |
|    *Counter-Defendant*. | § | |
| | § | |

## ORDER

Pending before the Court is Counter-Defendant Twin Oaks' Opposed Emergency Motion for Continuance of Trial (Dkt. #163). Twin Oaks requests that the Court continue the trial in the above-captioned case from July 13, 2020, "until such time as the two-week quarantine period is lifted or no longer applies to Texas visitors, whichever occurs sooner" (Dkt. #163). In the supporting Declaration of Mary Jo Laliberte, she specifically identifies the burden that a trial in Texas would place on her and the Connecticut-based small business for which she works, as the trial in Texas and the mandatory 14-day quarantine period for all persons entering Connecticut from certain states, including Texas, would cause her to "be away from her critical duties for four weeks" (Dkt. #163).

**I.**  **Motion to Continue**

With respect to Twin Oaks' motion to continue, the Court recognizes and appreciates Ms. Laliberte's concerns, as well as the concerns of those who may be in a similar situation as Ms. Laliberte. But for the following reasons, the Court **DENIES** Twin Oaks' request for a continuance.

First, Accresa and Hint have a significant competing interest in prompt resolution of this civil action, which will require Twin Oaks' presence and participation. Moreover, moving a trial date that is a mere two weeks away is a difficult task, particularly now that a jury panel of ninety (90) citizens has been summoned and many complicated pre-trial disputes have been heard and ruled on. In light of the Court's busy trial schedule, movement of trial at this late date would potentially result in delay of many months, perhaps even delay into 2021.

The Court would also remind the parties that it has gone to considerable lengths to ensure that this trial will proceed as safely as possible. Per the Court's Divisional Standing Order No. 2020-1, unless excused, the Court has required face masks of all persons in Court—with the exception of testifying witnesses and the examining attorney—and has had a social distancing policy in place. In addition, the Court's staff has taken the temperature of every prospective and seated juror upon their entrance into the courthouse; made masks, hand sanitizer, and latex gloves available to all prospective and seated jurors; sanitized the jury room and jury bathrooms each evening when the court recesses; and minimized the jury's travel in and out of the courthouse as much as possible during trial. The Divisional Standing Order No. 2020-1 expired on June 30, 2020, but the Court will extend that Order for thirty (30) more days, which will cover the entirety of this trial. The Court has conducted two jury trials in the last three (3) weeks, and each has proceeded safely. The Court expects the same for this trial.

While the Court strives to follow public health guidance from the CDC, the State of Texas, and the Administrative Office of the U. S. Courts, the circumstances in this division and district have not meaningfully impacted the Court's operations, to date, as it has its sister Texas districts. Considering the totality of the circumstances, the Court believes that a continuance is not warranted at this time. As such, Twin Oaks' motion (Dkt. #163) is hereby **DENIED**.

## II. Severance of Claims Against Twin Oaks

In its response, Accresa opposes Twin Oaks' request for a continuance and proposes that the Court sever the claims against Twin Oaks and order a separate trial on those claims (Dkt. #167). Hint indicated, via telephone conference, that it opposes severance of its claims against Twin Oaks.

Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." FED. R. CIV. P. 42(b).

Here, separate trials would not be convenient and would not expedite and economize the triable issues between the parties because at least some of the facts giving rise to the claims between Accresa and Hint are intertwined with those between Hint and Twin Oaks. A second trial—between Hint and Twin Oaks—would certainly involve re-litigation of facts and legal issues that were resolved in the first trial—between Accresa and Hint. This is especially true with respect to the outstanding conspiracy claim, which implicates all three parties.

Moreover, the Court is not persuaded that a separate trial would expedite resolution of any of the issues here. The parties indicated on the telephone conference on Thursday, July 2, 2020, that, *depending on* the resolution of certain issues in the first trial, having a second trial *could* ultimately save a day or day-and-a-half of total trial time or result in dismissal or settlement of certain claims. But there is no guarantee as to how the jury will decide the issues in the first trial, and the Court is not in a position here to speculate as to how a first trial would play out.

For the foregoing reasons, Counter-Defendant Twin Oaks' Opposed Emergency Motion for Continuance of Trial (Dkt. #163) is **DENIED**. The Court declines to continue the July 13,

2020 trial setting in the above-captioned civil action, and it declines to sever the claims against Twin Oaks and order a separate trial between Hint and Twin Oaks.

    **IT IS SO ORDERED.**

    **SIGNED this 2nd day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE